# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:07-CR-52-TS |
| | ) | |
| MARCUS LEON CANNON | ) | |

## OPINION AND ORDER

The Defendant, Marcus Leon Cannon, has asked the Court to find him indigent and to order the Clerk of Court to provide him free copies of his change of plea and sentencing hearing transcripts so that he can prepare and file a § 2255 motion. The Defendant has not yet filed a § 2255 motion or made any petition for collateral relief.

The transcripts the Defendant requests do not exist because they have not yet been prepared for any reason. When transcripts have not been prepared, a defendant has a right to have transcripts prepared at the Government's expense under limited circumstances. This right is dependent upon: (1) whether the defendant can establish that he is indigent, and (2) whether the transcript is needed to decide an issue presented by a pending and non-frivolous actions. *See* 28 U.S.C. § 753(f) (stating that fees for transcripts furnished to persons who are permitted to sue *in forma pauperis* in § 2255 proceedings "shall be paid by the United States . . . if the trial judge or a circuit judge certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit").

A defendant who files a motion to vacate, set aside, or correct a sentence by a person in federal custody can ask to proceed *in forma pauperis* to avoid paying for the costs of the motion, such as the costs for an attorney or for receiving transcripts. The Defendant's motions [DE 35, 41] do not contain the required certificate of an officer of the institution where he is serving his

sentence. *See* Rules Governing Section 2255 Proceedings, Appendix of Forms, Instruction Number 6 for using the Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody (instructing a movant who cannot pay for costs of the motion that he must fill out the last page of the form, an *In Forma Pauperis* Declaration, and "must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you"). The Court cannot declare the Defendant indigent without a complete picture of the Defendant's financial position.

In any event, the Defendant has not demonstrated that the transcripts are needed to decide an issue presented by a pending and non-frivolous action. The Defendant states that he needs the transcripts to prepare "to file his 2255 Writ of Habeas Corpus," but has not yet filed the motion. Because the Defendant has not yet filed a § 2255 motion, he is not eligible for transcripts under § 753(f).

The Court notes that the denial of the Defendant's request for indigent status at this stage does not prejudice him from later obtaining such status and the transcripts. Moreover, he does not need to be declared indigent or to obtain *in forma pauperis* status to initiate a § 2255 motion because there is no filing fee and no service requirement.

For the reasons stated above, the Defendant's Motion to Find Defendant Indigent in Order to Receive Transcripts to Submit 2255 Writ of Habeas Corpus [DE 35], and Application to Proceed in District Court Without Prepayment of Fees or Costs [41] are DENIED WITHOUT PREJUDICE.

SO ORDERED on October 22, 2009.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT