UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:07-CR-52-HAB |
| ) | |
| MARCUS LEON CANNON ) | |

**OPINION AND ORDER**

Now before the Court is Defendant's motion seeking a sentence reduction under the First Step Act ("FSA"). (ECF No. 114). Thankfully, most of the legal and factual issues are undisputed. The parties agree that Defendant is eligible to have his revocation sentence reduced under the FSA. The parties agree regarding the applicable, post-FSA sentencing options. And the parties agree that the Court has discretion to award, or not, a sentence reduction. The disagreement is in the details and, unfortunately for Defendant, those details weigh against a sentence reduction.

**I.      Procedural History**

Defendant was indicted in 2007 on charges related to his distribution of crack cocaine. Because, at the time of his sentencing, Defendant had a qualifying prior drug felony, the Government filed a notice under 21 U.S.C. § 851(a)(1) to enhance Defendant's sentence. Defendant ultimately pleaded guilty to a single count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 120 months' imprisonment and 8 years of supervised release. It does not appear that Defendant took a direct appeal of his sentence. He did, however, file an unsuccessful motion to vacate under 28 U.S.C. § 2255.

Upon completion of his term of incarceration, Defendant began his term of supervised release, first under the supervision of probation officers in Colorado and then under this Court's probation officers. That term of supervision was regrettably eventful. Defendant had his term of

supervision revoked by the District of Colorado in 2020, resulting in an 8-month term of imprisonment and a new, 36-month term of supervised release. Defendant fared no better during the new term of supervised release. Probation filed a notice with this Court in June 2021 detailing several violations, including an admission to using marijuana, two failed drug tests, a refusal to take a drug test, and a failure to appear for a drug test. (ECF No. 85). Probation requested that no action be taken, and this Court so ordered.

Only five months later, probation filed a second report with the Court. (ECF No. 87). This report cited the same violations as the June 2021 report and added several more, including another failed drug test, two failures to report to the probation officer as directed, five failures to report to substance abuse treatment or drug testing, and failure to enroll in a cognitive behavioral treatment program. This time, Defendant's term of supervision was revoked, and Defendant was sentenced to a term of 18 months' imprisonment with no term of supervision to follow.

Defendant appealed the revocation judgment but voluntarily dismissed that appeal. (ECF Nos. 105, 110). He then filed this motion, which is fully briefed. (ECF Nos. 118-122).

## II.    Legal Discussion

After Defendant completed his term of imprisonment, Congress passed the First Step Act of 2018, which empowers district courts to reduce a defendant's sentence by applying the Fair Sentencing Act of 2010 retroactively. First Step Act of 2018, Pub. L. No. 115–391, § 404(b). The power to reduce a sentence applies to a revocation sentence with the same force as an original sentence. *United States v. Corner*, 967 F.3d 662, 664 (7th Cir. 2020). As noted above, because of the change in the way crack sentences were calculated by the Fair Sentencing Act, both parties agree that Defendant is eligible for relief under the FSA.

2

But eligibility is only half the game. Even though Defendant is eligible for FSA relief, "the court is never required to reduce a sentence under section 404(b)." *Id*. at 665. The first step in exercising that discretion is the accurate calculation of the new guidelines, both as they existed during the original sentencing and as they presently exist. *Id*. A failure to properly calculate and consider the guidelines amounts to a reversible procedural error. *United States v. Griffith*, 913 F.3d 683, 687 (7th Cir. 2019).

Thankfully, those calculations are not disputed here. For the underlying sentence, the parties agree that his original base offense level was 26 and his criminal history category was V. Subtracting three levels for acceptance of responsibility, Defendant's guidelines range was 84 to 105 months. But since there was a statutory mandatory minimum of ten years, Defendant's true guideline sentence was 120 months. Under the new guidelines, Defendant would be at a base offense level of 22. With the same offense level, the same deduction for acceptance of responsibility, and the same criminal history category, Defendant's guideline range would be 57 to 71 months. Quite a change.

The guidelines for his revocation sentence, however, do not change. Pursuant to 18 U.S.C. § 3583(e)(3), the maximum prison sentence on a revocation is based on the original offense resulting in the term of supervised release. An original offense with a maximum sentence of life is a class A felony, and the maximum revocation sentence is 5 years; an original offense with a maximum sentence of 20 years is a class C felony, and the maximum revocation sentence is 2 years. 18 U.S.C. § 3559; 18 U.S.C. § 3583(e)(3). The lowered statutory penalties on the original offense therefore would result in a lower revocation maximum.

As for the guidelines on a revocation, Defendant's violations were Grade B[1] violations. As a result, although the revocation maximum dropped from 5 years to at most 2 years, Defendant's guidelines range remains the same at 18 to 24 months. Defendant, then, received a sentence at the bottom of the guideline range regardless of how one views the underlying crime.

With the guidelines out of the way, the Court now turns to the 18 U.S.C. § 3553(a) factors to help it exercise its discretion. *United States v. Fowowe*, 1 F.4th 522, 529 (7th Cir. 2021). When the Court considers those factors, it concludes that a sentence adjustment now would fail to impose a sentence necessary to address Defendant's sentencing conduct.

Defendant's post-sentencing conduct reflects a failure to, if not an unwillingness to, follow the laws that govern this nation. Defendant had 11 incident reports while serving his time at the BOP. He has had his supervised release revoked by two different federal courts. His most recent revocation was based on **thirteen** violations of his terms of supervised release. The Court concedes that none of the violations, when looked at in isolation, are particularly serious. But taken together and coupled with his pattern of conduct since he was sentenced on the original dealing charge, the Court concludes that they show an ongoing disrespect for the law. Neither specific nor general deterrence would be served by modifying Defendant's sentence to time served.

The Court recognizes Defendant's recent efforts at rehabilitation. Those efforts will serve him well upon release. The Court also recognizes that Defendant served a term of imprisonment on the underlying sentence that is out of touch with the current understanding of his crimes. But Defendant must recognize that, no matter the current validity of his ten-year sentence for dealing

---

[1] Defendant challenges classifying his violations as Grade B violations because "none exist but 1 technical urinalysis that becomes a grade B violation in light of the 'Trotter' again an overreach." (ECF No. 120 at 2). Defendant is presumably referring to *United States v. Trotter*, 270 F.3d 1150 (7th Cir. 2001), where the Seventh Circuit, joining every other circuit that had considered the question, concluded that use of a drug implies possession. *Id*. at 1153-54. It's unclear whether Defendant is arguing that he did not possess marijuana, that *Trotter* was wrongly decided, or that this Court should just disregard *Trotter*. No matter, as stated in the probation report (ECF No. 102 at 9) Defendant's violations were properly characterized as Grade B violations, and the Court will proceed accordingly.

crack, he still faced the rules set out by the federal courts that oversaw his supervised release. It is his failure to understand that simple truth that finds him in prison today. The Court concludes that only by having Defendant serve the full term of his revocation sentence can the purposes of sentencing set forth in § 3553(a) be accomplished.

### III.  Conclusion

For these reasons, Defendant's motion seeking a sentence reduction under the FSA (ECF No. 114) is DENIED.

SO ORDERED on April 20, 2023.

    s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT